Putnam, J.
The general question to be setted in this case is, whether the rents of the real estate of one who has deceased insolvent, belong to the executor or administrator for the benefit of the creditors, or to the heirs at law of the deceased. If to Ine latter, the plaintiffs are to recover in this action.
The defendants contend that they are entitled, inasmuch as the real estates of persons deceased are subjected * by [ * 285 ] law to the payment of their debts, and as the. rents follow the land, the legislature intended that creditors should have the incident as well as the principal.
Cases have been cited from the chancery decisions in England, arising from the construction given to wills, as illustrating the argument of the defendants. Thus, a devise that “ after all the testator’s debts were paid, the rest and residue should go to the sonit was decreed that the rents which the son had received after the death of the devisor should be applied to the payment of the debts. [3 P. Will. 358. —1 Atk. 421.] So in 8 Ves. jun. 308, where the testator having created a particular fund for the payment of mort gages out of the estates of the tenants for life, “ the rents and profits during their lives are the first fundbecause the intent of the testator was expressed, that the tenants, for life were not to have any thing until after the discharge of the mortgages. So it is argued that the intention of the legislature is, that the heirs shall have nothing in, or issuing from the fund, until the debts of the deceased are paid.
There is one distinction between those cases, and the one at bar, which is obvious. The devisee has a right to enter upon the estate, and take the rents ; but the executor or administrator has, with us, no such right. They are to administer the goods, chattels, rights, and credits of the deceased. Until the late statute of 1818, c. 190, they were not even to inventory the real estate. That descends by law to the heirs, and they accordingly may enter immediately. They take the estate pledged indeed for the payment of the debts. If it should be wanted for that purpose, a mode is prescribed by the statute, whereby the executor or administrator may be authorized to make sale of it. But until such authority is obtained, the right to possess the real estate is in the heirs.
It may be considered as analogous to the case of an estate mortgaged. So long as the creditor permits the heirs of the mortgagor to retain the possession, the rents * and profits [ * 286 ] are taken by the heirs. The mortgagee’s right to the rents commences upon his taking possession of the estate, according to the manner prescribed in the law. Still the estate has always been a pledge for the payment of the debt. So, until the executor *238 or administrator, in behalf of the creditors, shall sell the real estate, according to license obtained from the court, the heirs remain rightfully in possession, and entitled to the rents and profits. In the case of the mortgage, the mortgagee might enter, and take the pmfits II e, therefore, is in a better condition than executors and administrators, who would be trespassers, if they should enter and oust the heir, and take the profits. Yet it is well settled, that a mortgagee cannot recover for the rents accruing before his actual entry or possession. The estate of the mortgagor descends to his heirs. If the mortgagee omits to take possession, he is considered as waiving any right to the rents. When he pleases, he may enforce his remedy against the land; but until he does so, it remains a dead pledge.
The common case of a lien created by attachment is still more analogous to the case at bar. For there the creditor has no right to enter, until he has obtained judgment and execution. During the pendency of the suit, the land is charged with the encumbrance of the debt to be recovered ; the execution is satisfied by a levy on the land, or by rents and profits, that shall accrue; but never on the rents, which have accrued between the attachment and the levy. Those the debtor rightfully received, until he was dispossessed; and the creditor has no remedy for them.
Rents accruing after the decease, cannot be said to be the goods, chattels, rights or credits of the deceased. They are incident to the reversion. [Bac. Abr. Title Executors and Administrators, H. 3. and the cases there cited.]
It has been argued that there is no equity on the part of the heirs; because the creditors should be paid, before [ * 287 ] * they should have any thing from their ancestor. This is not a full view of the subject. If it were a question of expediency, it would seem not unreasonable, that the heirs should be permitted to occupy the land, until the creditors should ascertain that it is wanted for the payment of the debts. Is it not to be supposed, that the legislature, if it were a new question, would rather permit them to enjoy a temporary subsistence from the real estate, than to turn them immediately destitute upon the charity of the world ?
The statute of 1789, c. 11, § 2, providing that the judge of probate should appoint referees, to ascertain what the executor or administrator ought to credit in his account, for the use and occupation of the real estate, it seems to us, does not recognize the right of executors and administrators to have the rents of the real estate, foi the use of the creditors; but provides for the case, where they happen themselves to be occupants, by prescribing the mode, in which they ought to account, for the use of those to whom the same shall belong
*239 The claim of the plaintiffs is supported by equitable considerations. When the intestate died, his estate was supposed to be much more than sufficient for the payment of his debts. The heirs had a reasonable expectation, that the rents, which should accrue, would enure to their use. Besides, the widow has sued the plain tiffs for her dower, and has recovered a large sum in damages for detention. That suit could only have been maintained against the heirs; and if they are not to have the rents, the law would seem to impose upon them a great charge, without any corresponding advantage or remedy.
Part of the rents were received by the defendants from estates which were mortgaged by the deceased. But as the mortgagees never entered, the estates descended to the heirs j subject indeed to the debts; but in every other respect as a fee simple. No difference is to be made, in this case, between rents received from the lands which were mortgaged, and from those which were unencumbered. * The defendants are bound to pay them [ * 288 ] to the heirs.
The nonsuit in this case must be set aside, and the defendants be defaulted (12).

 [As the real estate left by persons deceased, is required to be inventoried by the administrator, and is made assets in his hands for the payment of debts, it would seem most agreeable with the spirit, if not with the letter of the law, that the rents and issues of such real estate, by whomsoever they may have been received, after the death of the intestate or testator, should be holden in trust and liable for the payment of the debts of the deceased, as far as they may be wanted for that purpose.—Ed.]