Heald *v.* Heald.

HEALD, *adm'r. appellant, vs.* HEALD *& als.*

The statute of limitations applies to civil actions, at common law ; and not to a claim made before the Judge of Probate against an administrator, for the rents of real estate occupied by him.

Whether an administrator, who is also an heir at law, is chargeable as administrator for the rents of real estate in his occupancy, without some contract express or implied,—*quœre.*

ON the return of a commission issued by the Judge of Probate for this county, upon the petition of *George S. Heald* and others, heirs at law of *Timothy Heald,* deceased, it appeared that *Washington Heald,* the son of the deceased, and administrator on his estate, had occupied his tan yard during one year after his decease, and that the rent was of the value of 250 dollars, for which the other heirs prayed that he might be charged in his administration account.

It was admitted, at the hearing before the Judge of Probate, that there was no express consent of the heirs that he should occupy the tan yard, nor any express agreement on his part to account for the rent.   Nor was there any evidence of implied consent, except that it appeared that he occupied the homestead farm, including the tannery, and supported his mother and her five minor children who were all members of his family, from the profits of the farm ; and that two or three of the other heirs, who were of age, lived in the same neighborhood, and were not known to have made any objection to his occupancy of the estate.

Upon this evidence the Judge of Probate decreed against the ad-

ministrator, charging him with the rent of the tan yard ; from which decree he appealed to this court ; assigning for reasons of appeal, that being one the heirs, he had a right to occupy the estate without being liable to account in this manner for the rents ; that there was no evidence any consent of the heirs, express or implied, to his occupancy ; and that more than eight years having elapsed since he occupied the real estate, the claim was barred by lapse of time.

*Boutelle,* for the appellant, contended that he must be considered as having occupied the estate in virtue of his legal title ; which was as heir, and not as administrator ; and that in the latter capacity he had no right to enter and take the profits of real estate ; nor did his bond relate to such property of the intestate, but regarded only his personal assets. *Dean v. Dean* 3. *Mass.* 258. *Drinkwater v. Drinkwater* 4. *Mass.* 355. *Hayes v. Jackson* 6. *Mass.* 149. *Gibson v. Farley* 16. *Mass.* 280. At all events he is not liable here, unless he would be answerable in a suit at common law ; which cannot be, without some contract, express or implied ; and in this case there is neither. *Stearns v. Stearns* 1. *Pick.* 157. *Wyman v. Hook* 2. *Greenl.* 337. The relation of landlord and tenant did not exist.

But if this mode of remedy did exist, it comes in the place of a suit at common law ; and ought therefore to be barred by the same lapse of time which bars that kind of remedy. Otherwise, the salutary provisions of the statute of limitations would be defeated.

*Orr,* for the appellees.

MELLEN C. J. delivered the opinion of the Court.

The statute of this state, *ch.* 51, *sec.* 22, under the authority of which the proceedings in this case originated, is similar to that in Massachusetts ; which has often been the subject of examination and judicial construction, both before and since our separation from the parent Commonwealth ; and it is therefore proper and useful to have respect to those decisions in determining the case before us. It seems well settled that though an administrator has no legal right to enter into possession of the real estate of which his intestate died seised,

*Heald v. Heald.*

because it has descended to his heirs at law ; still, when he does so enter and improve it, he is accountable to those heirs for the rents and profits. If the estate is solvent, they are entitled to the estate itself and its income ; if insolvent, the creditors are only entitled to the *estate of which the intestate died seised ;* and not to the rents and profits after his death ; for these belong to his heirs. *Gibson v. Farley* 16 *Mass.* 280. In the present case the administrator occupied the estate for a year, and the commissioners have reported the amount for which he ought to stand chargeable, and the Judge of Probate has accepted their report and decreed accordingly. The question is whether the decree ought to be affirmed or reversed. We are satisfied that that it ought not to be reversed on the ground that the claim of the heirs has been barred by the statute of limitations. The words of that statute confine its application to civil actions, or common law proceedings. In other cases of special jurisdiction or process, the limitation depends on special provisions ; as in cases of writs of error—petitions for review —grants of administration and the like. The statute under consideration imposes no limitation on the powers of the Judge of Probate *in respect to the time* of exercising his jurisdiction in a case like the present.

As to the merits of the claim of the heirs, we would observe that we are to consider the facts such as to have authorised the exercise of jurisdiction by the Judge of Probate ; both parties appeared before him and were heard ; and the amount of liability was sanctioned by his decree. The statute is silent as to the fact whether the occupation of an administrator, to bring it within the cognizance of the Judge of Probate, must be under a contract express or implied ; though the case in 1 *Pick.* 157, seems to proceed on the ground that such contract is necessary to give the jurisdiction. We do not mean to decide this point, because we think the case furnishes evidence of an implied contract between the heirs and the administrator. There is no proof that he entered and occupied wrongfully ; on the contrary several of the heirs, who were of age, lived in the neighborhood, and must have known and assented to the occupation. The minor children were living on the land. The case furnishes no proof of a claim of right by the administrator ; as in the case of *Wyman vs.*

*Hook,* 2 *Greenl.* 337, where the person attempted to be charged in *assumpsit* on the ground of an implied promise, entered under a defective levy of an execution, and claimed a right to hold under it as a valid one. It does not appear who was the guardian of the minor children. If the administrator was, and he has any claim for their support during the year he occupied the farm, he must adjust that matter with the Judge of Probate. If any one else was the guardian, he must look to him for satisfaction. On the whole we do not perceive any sound reason for disturbing the decree. And accordingly our opinion is that it must be affirmed, with costs for the appellees, and the cause be remitted to the Judge of Probate for further proceedings in conformity to this decree.

*Decree affirmed.*