## Russell Wheeler *versus* Allen Bowen and Trustee.

The interest of an heir at law in a distributive share of an intestate estate, in the hands of the administrator, is subject to be attached on the trustee process, before a decree of distribution, and although it may be uncertain whether there will be any assets for distribution ; and the suit may be continued until sufficient opportunity has been given for the settlement of the administrator's account and a decree of distribution.

The interest of a husband in his wife's distributive share of an intestate estate, is subject to be attached in the hands of the administrator, by the trustee process, at the suit of a creditor of the husband.

By the answer of Benoni Peck, the alleged trustee, it appeared, that the defendant was the husband of Phila Bowen, a daughter of Cadis Boyce ; that Boyce died intestate in August, 1837, and Peck was appointed administrator of his estate in the succeeding September ; that the deceased left some real and personal estate to be distributed among his children, after the allowance to his widow of her portion of the estate, and the payment of the debts and charges of administration ; but that the amount of the debts was not ascertained, and the amount of the expenses of administration could not then be stated ; that there were also questions of advancement to several of the children of the intestate to be settled ; and that the respondent could not therefore answer fully as to the amount which might finally be in his hands, belonging to the defendant or his creditors.

In the Court of Common Pleas, the trustee was discharged.

*Washburn* and *Kirkland*, for the plaintiff, cited Revised Stat. *c.* 109, § 4, 62 ; *Brooks* v. *Cook*, 8 Mass. R. 246 ; Cushing on Tr. Process, 37, 38 ; *Prov. St.* 32 *Geo.* 2, *c.* 2 ; *Barnes* v. *Treat*, 7 Mass. R. 273 ; *St.* 1794, *c.* 65 ; *Wentworth* v. *Whittemore*, 1 Mass. R. 472.

*C. Allen*, for the trustee, to the point, that the trustee was not chargeable, it being contingent whether there would, eventually, be any credits or effects of the defendant in his hands, cited *Wentworth* v. *Whittemore*, 1 Mass. R. 471 ; *Frothingham* v. *Haley*, 3 Mass. R. 68 ; *Davis* v. *Ham*, 3 Mass. R. 33 ; *Willard* v. *Sheafe*, 4 Mass. R. 235 ; *Wood* v. *Partridge*, 11 Mass. R. 488 ; Revised Stat. *c.* 109, § 30.

Oct 5th

Wheeler
v.
Bowen
and Tr.

Oct. 8th.

DEWEY J. delivered the opinion of the Court. The question presented upon the answer of the supposed trustee is, whether an administrator of an intestate estate before a decree of distribution, can be summoned as the trustee of the husband of one having a right to a distributive share in the estate.

By the Revised Statutes, c. 109, § 62, it is provided, that any debt or legacy due from an administrator and any other goods, effects or credits in the hands of an administrator or executor, may be attached by the trustee process.

It is objected on the part of the trustee, that he cannot be adjudged such because the credits and effects of the debtor in his hands are not absolute, but contingent and uncertain. No difficulty can arise from any uncertainty as to the person to whom the distributive share is to be assigned in the decree of distribution, that subject having been recently considered by this Court in the case of *Hayward* v. *Hayward, ante,* 517, where it was held, that the distributive share vests immediately on the death of the intestate, in the person then heir at law.

The objection, if any, arises from the entire uncertainty of the amount of assets until after a settlement of the account of administration and a decree of the judge of probate apportioning the estate among the heirs at law. The object of the statute giving this remedy against executors and administrators is very obvious, it being designed to carry out more perfectly the means of enforcing the principle, that all the property of the debtor shall be made subject to legal process for the payment of his debts. Previous to the enactment of this statute, executors and administrators could not be summoned as trustees ; and the effects and credits of others in their hands were beyond the reach of the attaching creditor. To remedy this evil the statute was passed, and it will be our duty to give such effect to it, so far as the provisions of it will admit, as will secure this object.

But to adopt the construction urged by the counsel of the trustee, would be to render the statute in a great degree ineffectual. To limit its provisions to the cases of distributive shares in the hands of the administrator after a decree of distribution made by the judge of probate, would be to postpone the trustee process until the debtor had enjoyed the fullest oppor

tunity to place the property beyond attachment by this process. It would also restrict the exercise of the right given by the statute to a very short period of time, as it is to be presumed that after the decree of distribution, the administrator would ordinarily forthwith discharge all his liabilities to the heirs at law.

It is difficult to perceive any good reason why the same limited construction should not also be held equally to apply to cases of administrators and executors summoned as trustees of creditors to whom debts are due from the testator or intestate, as the case may be, and also to the case of legacies. It is obvious, that the same uncertainty may exist as to the eventual liability of the trustee to pay the debts due from the estate he represents. That depends upon the solvency of the estate; and on the final settlement it may pay the whole or a part, or possibly no part of the debts, as the property may all be absorbed in the expenses of administration. So, in the case of legacies, they are equally contingent as to their eventual payment, depending upon the sufficiency of the assets.

Debts and legacies due from administrators or executors are particularly named in the statute giving this lien by the trustee process; yet these, it will be perceived, must be placed on the same footing as distributive shares. The question then arises, whether these are proper cases for the application of the doctrine, that contingent debts and interests are not subject to the trustee process. In the earlier cases in our reports it was frequently held, that the statute giving this process must be so construed as to exempt from its operation as contingent debts, all those demands which, by any possibility, might never become payable; and upon an answer of the trustee stating this uncertainty as to his eventual liability, he was discharged. This course of proceeding seems to have been adopted with a view of protecting the trustee from the injury that might otherwise arise from the provision of the former statute, that where one had answered in the original suit, and had been adjudged a trustee, he should not be allowed to make further answer on the *scire facias*.

But this rule, so far as respects any uncertainty in the eventual liability of the trustee arising from the want of knowl-

Wheeler
v.
Bowen
and Tr.

edge of the state of the accounts or demands between the trustee and the principal defendant, or of the value of the property in his hands, or the extent of any previous liens, has in the later cases been somewhat modified ; and trustees have not been discharged in such cases. Such has been the practice in the numerous cases of trustee process against assignees holding property under assignments made at common law by embarrassed debtors, where the only lien created by the trustee process was the right to the surplus of the property in the hands of the assignee after the discharge of the demands of those creditors who had accepted the assignment. Upon the answer of such trustees stating the assignment and declaring it to be uncertain, whether there would be any balance remaining in their hands on the final adjustment, the rule has been, not to discharge them, but to order the action to be postponed until the facts could be ascertained. It is only when the trustees have stated in their answer, that the amount of debts due to creditors who have become parties to the assignments, exceeds the full amount that can be realized from the property assigned, that they have been discharged. If left doubtful, whether there will be any surplus, further time is allowed for an additional answer. *New England Marine Insurance Co.* v. *Chandler*, 16 Mass. R. 280 ; *Webb* v. *Peele*, 7 Pick. 247. Nor has this rule been confined to cases of uncertainty of this nature. It has also been applied where the uncertainty as to any eventual liability arose from the question, whether the property in the hands of a supposed trustee belonged to the debtor or to a third person, as in cases of litigated title to property. In such a case the rule at law is, that the process is considered as attaching and is postponed until the right of property is ascertained. *Thorndike* v. *De Wolf*, 6 Pick. 122. A similar rule may with propriety be applied to cases of administrators and executors who are summoned as trustees. It may be further remarked, that by the provisions of the Revised Stat. *c.* 109, § 41, authorizing a further answer of the trustee on the writ of *scire facias*, much of the difficulty which was supposed to exist in the earlier cases, is now obviated.

I have thus far considered the question as arising upon an answer of a trustee representing it as uncertain whether any

assets will remain in his hands to be distributed among the heirs at law ; but in the present case, the trustee admits, that after discharging all liabilities there will be a surplus for distribution ; which renders the uncertainty here, only like the ordinary case of an acknowledged indebtment, but of uncertain amount.

We see no objection however, taking the case in either point of view, to sustaining the proceeding, subject to an order of the Court, that cases thus situated be continued until sufficient opportunity has been given for the settlement of the account of the administrator and a decree of distribution by the judge of probate.

The only remaining question is, whether the interest of the husband in the distributive share of his wife, not reduced to possession, may be attached by this process. This point was also incidentally considered in the case of *Hayward* v. *Hayward*, before referred to, and the law stated to be, that it might be thus attached. While we give to the *feme covert* her right, in case of her survivorship, to her choses in action accruing during coverture, and which her husband has not reduced to possession, yet we consider it as the law of this Commonwealth, that the interest of the husband, to the extent he possesses it, may be seized by his creditor. The right of the husband is a qualified one, subject to be defeated if not exercised in his lifetime ; but while living he has the absolute control over it, and may collect the demand and appropriate the proceeds exclusively to his own use. This right his creditor may secure by the trustee process, which operates, in this respect, as a statute assignment of the interest of the husband.

The trustee in this case is not to be discharged upon this answer.