## SAMUEL M. BURNSIDE & others *vs.* PLINY MERRICK & others.

Real estate, purchased by partners, for the partnership business and with the partner ship funds, though conveyed to them by such a deed as, in case of other parties would make them tenants in common, is considered, in equity, as part of the part nership stock, and is to be applied, if necessary, towards payment of the partnership debts. Though such estate is considered, at law, as the several property of the partners, yet it is held subject to a trust arising by implication of law, by which it is liable to be sold and the proceeds brought into the partnership fund, so far as is necessary to pay the debts of the firm ; and neither the widow nor the heirs of a deceased partner can claim any beneficial interest in such estate, until the claims of the creditors of the firm are first satisfied.

Under *St.* 1838, *c.* 163, the assignees of an insolvent debtor, who is the surviving partner of a firm, are entitled to all the real estate of the partners which was purchased with the partnership funds, for the partnership business, and may maintain a bill in equity against the administrator, widow and heirs of the deceased partner, to compel a transfer to such assignees of his moiety of such real estate, that it may be disposed of by them for the benefit of the creditors of the firm, who may prove their demands against the surviving insolvent partner.

BILL IN EQUITY, in which the plaintiffs described themselves as " assignees of Simon H. Allen, late of Shrewsbury, an nsolvent debtor, and assignees also of said Allen and of William

Pratt, deceased, late partners in business, under the firm of Simon H. Allen & Co." The bill alleged, that on the 1st of January 1839, and long before, said Allen & Pratt were partners, and that during their partnership, viz. on the 13th of May 1833, they purchased half an acre of land in Shrewsbury, and erected a brick store thereon for their use and accommodation, in their partnership business ; that said land was purchased, and said store erected, with the joint funds of said partners, to the amount of $ 3000, and that the same was considered and used by them, during their joint lives, as partnership property ; that on or about the 1st of February 1839, while said partnership was subsisting and their business carried on in said store, said Pratt died, leaving a widow, Eliza S. Pratt, a minor daughter, Clara Pratt, his only heir at law ; that administration on his estate was committed to said Pliny Merrick, who represented the same to be insolvent, and obtained license from the probate court to sell all the real estate of said Pratt for the payment of his debts : That by operation of law, one undivided half of said land and store has descended to and vested in said Clara, subject to the right of dower of said Eliza S. ; and that since the decease of said Pratt, the rents and profits of said store, to a large amount, have been received by, or to the use of, said Clara : That the equitable interest in said land and store belongs to the joint creditors of said partners, and ought to be sold and disposed of for their benefit, by the plaintiffs, as assignees of said firm : Wherefore the plaintiffs prayed relief in equity, inasmuch as they had no plain, adequate and complete remedy at law, either to obtain seizin of said land and store, for the purpose of selling the same, pursuant to the insolvent law of the Commonwealth, or to obtain a discovery of the amount of rents and profits received as aforesaid — and that the court would appoint a guardian *ad litem* to said Clara, and decree that said Merrick should release all right and claim to said land and store ; that the guardian of said Clara, when appointed, should convey to the plaintiffs all her right and title to said land and store, and discover and state the amount of the rents and profits thereof which have been paid to her use, since the decease of said William. her

father, and that all such rents and profits should be paid to the plaintiffs, or such part thereof as the court shall judge to be just and equitable — and for further relief.

It was agreed that the bill should be considered as demurred to, with the following modification of the allegations therein :

"Simon H. Allen and William Pratt agreed to become partners in trade, on or about the 13th of May 1833 ; and, at their request, one Nymphas Pratt, on the 16th of said May, purchased the land on which they afterwards erected the store mentioned in the bill, and took a deed running to said Allen & Pratt. On the 20th of said May, said Allen & Pratt entered into written articles of partnership, and subsequently to this, they paid, as partners, the amount of the purchase money agreed to be paid for said land, but did not commence trade in merchandize until after that period. The materials for the store were purchased by the company, and the building thereof was superintended by them jointly."

This case was argued at the last October term, and again at the present term, by *Burnside*, for the plaintiffs, and by *Washburn*, for the defendants ; and the opinion of the court was declared at the April term, 1843.

SHAW, C. J.   This is a bill in equity by the plaintiffs as assignees of the estate and effects of Simon H. Allen, an insolvent debtor, under proceedings had by virtue of the insolvent law of 1838. They describe themselves as the assignees of said Allen, and also of said Allen and William Pratt, deceased, late copartners under the firm of Allen & Pratt. We cannot perceive how this last designation of their official character can be sustained on the facts as we understand them. Allen & Pratt were partners in trade, in Shrewsbury ; Pratt died February 1st 1839, and administration was granted on his estate. The insolvent proceedings against Allen, under which the plaintiffs were appointed assignees, were instituted in August 1839 six months after Pratt's death. We however understand the facts to be, that as the surviving partner became insolvent, soon after the decease of the other partner, most of the debts due from him and to him were debts due to and from him as surviving

partner of the firm, so that, practically, the settlement of the affairs of Allen involved to a great degree the settlement of the affairs of the firm ; and so, in a certain sense, the assignees of Allen were the assignees of the property of the late firm.

On the death of one of the partners, the partnership is dissolved, and on such dissolution, the right to recover all debts and choses in action, in his own name, survives to the surviving partner, to enable him to collect all dues ; and he has a right to the custody and disposal of the personal property so far as is necessary to pay off and discharge all debts due from the partners, but no general and ultimate right of property by survivorship arises, as in case of strict joint tenancy, at the common law. As the plaintiffs have succeeded to all the rights of the debtor, as well in his character of surviving partner, as in his own right, they have no need of the aid of this court to enable them to obtain the possession and control of the personal property of the late firm, whether it consists in choses in action, or in goods and chattels.

But this bill is brought against the administrator and heir at law of William Pratt, the deceased, to obtain, by a conveyance, sale, or otherwise, the control of an undivided moiety of the real estate therein described, as part of the partnership stock and property, and which the plaintiffs, as assignees, are entitled to avail themselves of to enable them to pay the partnership debts, which may be proved against the estate of the insolvent, who is the surviving partner.

The first question usually presented in a case in equity is, whether the court has jurisdiction. We think, in the present case, there is no doubt that the court has jurisdiction under that provision of the Rev. Sts. *c*. 81, § 8, which gives jurisdiction in equity, in "all suits between copartners, joint tenants and tenants in common, and their legal representatives."

By the operation of the insolvent law, the assignee becomes the representative of the insolvent, and may maintain any suit necessary to the collection of the assets, and the recovery of the property of the insolvent.

And further ; if the plaintiffs can recover at all, as the rep-

resentatives of the creditors of the partners, it is becsuse, by operation of law, the moiety of the estate, which the defendants' intestate took, as tenant in common, was liable in equity to be disposed of, and applied to the payment and discharge of the partnership debts ; and if so, the defendants, as administrator, widow and heir at law, took the legal estate clothed with a trust for that purpose, and being a trust "arising or resulting by implication of law," need not be created or declared by an instrument in writing. Rev. Sts. c. 59, § 30.

We are then brought to the main question, which was discussed at the bar, namely, whether real estate, purchased by partners, for the partnership business, paid for out of their partnership funds, or received in satisfaction for partnership debts, under deeds in common form, conveying the estate to them by their several names, that is, by such a deed as, in case of other parties, would make them tenants in common, shall be considered as partnership stock, and if so, how and in what mode ?

Though there has been much diversity of judicial opinion upon the subject, we think the prevailing opinion now is, that real estate, so acquired, is to be considered at law as the several property of the partners, as tenants in common ; yet that it is so held, subject to a trust, arising by implication of law, by which it is liable to be sold, and the proceeds brought into the partnership fund, as far as is necessary to pay the debts of the firm, and to pay any balance, which may be due to the other partners, on a final settlement ; and cannot be held by the separate owner, except to the extent of his interest in such final balance. And it follows as a necessary consequence, that when the firm is insolvent, the whole of the property, so held, must be brought into the partnership fund, in order to satisfy the partnership creditors, as far as it will go for that purpose.

And it follows as another necessary consequence, that neither the widow, nor heir at law, can claim any beneficial interest in such estate, until the claims of creditors are first fully satisfied.

For a more full statement of the grounds of this opinion, and an examination of the authorities, we refer to the case of *Dyer v. Clark*, March term, Suffolk, 1843, which was under consid eration at the same time with the present case.

The general principle, providing for the settlement of all partnership debts as well as several debts, and for the application of the joint as well as the several property of debtors, under an insolvent proceeding against one only, is recognized and declared in the insolvent law of 1838, § 21, which provides that when two or more partners become insolvent, a commission may issue against all, and the partnership creditors may prove, and the seperate creditors of each partner may prove their debts, and the assignees shall keep separate accounts, and the proceeds of the joint stock shall be appropriated, in the first instance, to pay partnership debts, and the separate property of each to pay his separate creditors ; and the surplus only, if any, after satisfying the one class of claims, is to be carried to the fund applicable to the satisfaction of the other. Here, what constitutes the joint stock, is not stated ; nor, if it embraces real estate purchased with partnership funds, is it material to consider whether it is so regarded as partnership property, in law or in equity ; because, by force of the statute, all the property legal and equitable, joint and separate, vests in the assignees, for the creditors ; and when they have appropriated it according to the directions of the statute, it is wholly unimportant, whether, in theory of law, they received it as the legal estate of the debtor transferred to them by force of the assignment, or as a trust or right in equity so far to control it, as to make it applicable by a sale or otherwise, to the payment of the partnership debts of the insolvent. .

This provision of the statute also recognizes another principle important to the present case, and one which is adopted as a general rule in distributing the effects of partners ; which is, that partnership funds shall first be applied to pay partnership debts, and separate funds to pay separate debts. It is regarded as a rule founded in natural justice, and calculated to do equity. It is probably founded on the consideration, that each party has a preferable claim in equity to participate in the fund raised or increased by the credit he has given to the debtor.

Upon the facts set forth in this bill, and admitted by the demurrer, and also as contained in the agreed statement of facts, we are of opinion that the real estate in question must be con

sidered as partnership property.   The partnership was agreed
on before the purchase of the land, and the land was purchased
for the purpose of building a store in which to carry on the
partnership business ; the cost of the land was but a small part
of the cost of the estate ; the cost of erecting the building,
which was the principal charge, was paid out of the partnership
funds.   Under these circumstances, it must be deemed part of
the joint stock of the partnership, and subject to be applied in
equity to partnership purposes.

But, as the above cited provision of the statute does not, in
terms, apply to the present case, inasmuch as here there were
not two persons in partnership when the application was made,
and the warrant issued, a question arose whether the case was
within the principle and equity of the statute.   The object of
this bill is, to require the widow and heirs to do what the partner,
if living, would have been bound to do, namely, to apply the
moiety of the partnership real estate, held by him, to the payment
of the partnership debts.   By the decease of one of the partners
the partnership was dissolved, and the undivided half of the real
estate vested in his heirs at law.   But we cannot perceive that
this makes any difference in principle.   If we are right in the
former part of this opinion, then the heirs took the moiety of the
deceased partner, subject to a trust for the surviving partner and
the creditors ; and it could not be discharged of that trust, till
the partnership debts were paid.   It is not the dissolution of the
partnership, by the decease of one of the partners or otherwise,
which discharges the trust ; but the settlement of the partnership
account, the discharge of all the partnership debts, and payment
of the balance, if any, due to the other partner.   Although,
therefore, by the decease of one of the partners, and a consid
erable lapse of time, before these insolvent proceedings were
commenced, the relation between these parties was in some re-
spects changed, yet that change does not affect the right of these
plaintiffs to claim the property in question, as estate held in trust
by the defendants, for the use of the plaintiffs, as representatives
of the creditors of the partners.

A further question occurred, whether this proceeding is ne-

cessary, in order to make the real estate applicable to the payment of the debts of the partnership, and whether the creditors have not another remedy at law. This question arises under our statute, varying, in this respect, the rule of the common law. By the common law, the creditor of a partnership had no remedy by action against the estate of the deceased partner. But the Rev. Sts. *c.* 66, § 27, following *St.* 1799, *c.* 57, provide, that where two or more are jointly indebted, and one dies, his estate shall be liable therefor, as if the contract had been joint and several. Connecting this with the familiar provision, here, that the real estate of a deceased debtor may be sold under license, for the payment of debts, it may be contended that this same estate might be applied to the same debts, through the administrator.

But we think there are several answers to this objection. In the first place, the legal estate, thus sold under a license, would be subject to dower, and perhaps other incumbrances, to which, as partnership property, it ought not to be subject. The heirs at law would take the rents and profits, from the decease of the ancestor to the sale by the administrator. *Gibson* v. *Farley*, 16 Mass. 280. But perhaps a more satisfactory answer is, that this would take the management and administration of the property out of the hands of the representatives of the partners, to whom it properly belongs, and the several creditors of the deceased partner would come in *pari passu*, with the partnership creditors, and thus violate the provisions and defeat the policy of the insolvent law.

This statute provision suggests another inquiry, whether these same creditors, after having proved their claims against the estate of the insolvent, and taken their distributive shares of the whole of the partnership funds, might not, pursuant to the foregoing statute, prove their debts against the estate of the deceased partner, and thus claim a share of the separate property of the deceased, *pari passu* with the separate creditors, to their injury How these different statute provisions can be reconciled, and what would be the effect of such proof and claim under the statute, when the separate estate of the deceased partner should

prove insufficient to pay the debts of the separate creditors, are questions, perhaps of some difficulty ; but as we think they do not affect the present case, we allude to them, merely to say, that we do not consider them involved in the present decision. See *Barclay* v. *Phelps*, (*ante*, 397.)

On the whole case, the court are of opinion that the plaintiffs, as assignees, are entitled to a decree, by which the estate may be transferred to them, in order that it may be disposed of, and the proceeds applied to the payment of the partnership debts