RICHARD E. NEWCOMB, Judge, &c. *vs.* WILLIAM STEBBINS & others.

A testator whose estate was insolvent, after giving to his wife certain real estate for life, and certain legacies to others, appointed W. his executor, to whom he made the following residuary devise and bequest: "I give to my son W., to hold to him and his heirs forever, all the rest and residue of my real and personal estate, subject to the following liens, payments and charges : *first*, the payment of all debts that I may owe at my decease, and all funeral charges, and the erection of a suitable monument at my grave; *second*, to pay to my three daughters, A., B. and C., each, and to D., wife of J. B., the sum of $70; the aforesaid liens and payments to be made, one half in two years and one half in three years from my decease, with interest from that event:" W. entered upon the real estate so devised to him, and occupied it two years, either in person, or by his lessees, and took notes from his lessees, for the rent, payable to himself, as executor. *Held*, that W. was not liable to account, as executor, for any part of said rents and profits.

DEBT on a probate bond executed by the defendants, December 20th 1842, upon the issuing of letters testamentary to William Stebbins, executor of the last will of Dennis Stebbins. The condition of the bond was such as is required by the Rev. Sts. *c.* 63, § 2; and the breaches thereof, assigned by the plaintiff, were the omission of said executor to return an inventory within three months, his omission to administer, according to law, all the property of the testator which had come to his possession or knowledge, and his omission to render a just and true account of his administration, within one year. The indorsement on the writ was thus; "This action is brought for the use and benefit of all creditors of, and all persons interested in, the estate of the said deceased, by leave and at the order of the judge of probate." The defendants were defaulted, and thereupon an auditor was

appointed, by consent of the parties, to ascertain the sum for which execution should be awarded.

It appeared from the auditor's report, that said executor had represented the estate of his testator to be insolvent; that he procured the appointment of commissioners to examine the claims of creditors against the estate; and that said estate was insolvent.

The auditor found that the defendants were liable for the sum of $1946·58; that being the balance due from the executor, after charging him with $2596·34, the amount of the testator's personal property, and deducting various sums, amounting to $649·76, which the plaintiff's counsel admitted that the executor was entitled to deduct.

The auditor also submitted to the court the question whether the defendants were liable for an additional sum, received by the said executor, as rents and profits of the testator's real estate. The facts stated by the auditor, on this question, were as follows: The testator, by his will, after devising to his wife, for life, a certain part of his real estate, and to Lansford Stebbins, in fee, his real estate in Illinois, and giving certain legacies, made said William his residuary legatee and executor, in the following words: "I give and bequeath to my son William, to hold to him and his heirs forever, all the rest and residue of my real and personal estate, wheresoever situated, including therein all the real estate bequeathed to my wife, subject to the following liens, payments and charges: *First*, the payment of all debts I may owe at my decease, and all funeral charges, and the erection of a suitable monument at my grave; *second*, to pay to my three daughters, Louisa, Lucy and Mary, each, and to Maria, the wife of Josiah Brown of Hatfield, the sum of seventy dollars, provided he cancels a claim of nearly that amount, he holds against my son Lansford, which I gave encouragement to see paid; the aforesaid liens and payments to be made, one half in two years and one half in three years from my decease, with interest from that event. I hereby nominate and appoint my son William Stebbins, executor of this my last will and testa-

ment." The said executor entered upon the real estate thus devised to him, and held it during the years 1843 and 1844, either personally or by his lessees; and the rents and profits were $554·29, viz. $242·60 for that part of the real estate occupied by him, during those two years, and $299·69 for that part of it held by his lessees. For the rents of the real estate occupied by his lessees, he took and now holds their notes made payable to him as executor.

Upon these facts, the auditor concluded his report thus : " If by law the said William Stebbins, as executor, is chargeable with said rents and profits, or any part of them, and the other defendants, as his sureties in the probate bond, are liable therefor in this action, then the said sum of $554·29, being the amount of the whole rents and profits of said real estate, or the sum of $242·60, the amount of the rents and profits of that part of the real estate which was occupied by the said William Stebbins, the executor, personally, is to be added to the said sum of $1946·58, as making the sum of the damages which I have assessed against the defendants, in this suit against them. H. G. Newcomb, Auditor."

*Alvord*, for the plaintiff.

*Devens*, for the defendants.

HUBBARD, J. The only matter in difference, in this case, relates to the rents and profits of certain real estate which William Stebbins received; and it is contended, in behalf of the creditors for whose benefit the action is prosecuted, that he received them in his capacity of executor, and, as such, is bound to account for them with the judge of probate. He claims to retain them as devisee under the residuary clause in his father's will.

It is argued for the plaintiff, that under this devise William Stebbins could take no estate, without first paying the debts of his father, and that such payment was a condition precedent ; and, in support of this position, reliance is placed upon the cases of *Hays* v. *Jackson*, 6 Mass. 154, and *Gardner* v. *Gardner*, 3 Mason, 178. But we think these cases do not establish the position contended for. In *Hays* v. *Jackson*,

according to the construction given to the will, the devise was, that after the payment of debts and legacies, the residue, whether real or personal, should go to the residuary legatee. The court held this not to be a specific devise, but the creation of a fund for the payment of debts and legacies — there being ample estate to pay the debts — with a devise of any remainder; that the residuary legatee could not claim contribution from the specific devisees, nor from the heirs at law, in respect to after acquired estate; and consequently, that if the estate devised to the residuary legatee was exchanged by the payment of debts and specific legacies, the devise would fail. In *Gardner* v. *Gardner*, there was a devise of certain specific real estate to the testator's son, and his heirs, the son paying all the testator's just debts out of said estate; and it was held that the debts were not a mere charge upon the devisee, but upon the land also, and that the devisee, taking the estate, might be reached by a court of equity, for the payment of debts, or that the executors might obtain leave to sell it; and that, in case of a sale by the devisee to a *bonâ fide* purchaser, the purchase money, if unpaid, might be followed. But it was held that the estate passed by force of the devise.

In the case at bar, the estate is not given after the payment of debts, like that of *Hays* v. *Jackson*, but it is the devise of the estate subject to certain charges; and these charges are not in the nature of a condition precedent, requiring the payment of the debts before the estate vests, but times are given for the payment. They accompany the devise, and the estate itself is to be applied to satisfy them, before other estates specifically devised can be so appropriated by the executor. It is a devise of the fee *cum onere.*

It is also argued that the executor is constituted a trustee for the creditors, and, as such, is responsible to them for rents and profits. How that may be, we are not called upon to express an opinion. But if that were the case, he would only be iable in equity, as a trustee, and could not be required, by the mere force of such liability, to account, as executor, for the rents and profits.

It is said, however, that being responsible as trustee, it would avoid circuity of action to charge him as executor; but it is a sufficient answer to this suggestion, without mentioning others, to say that, by sustaining such a position, his bondsmen would be held accountable for rents and profits accruing after the decease of the testator, and for years perhaps; a responsibility not contemplated nor covered by the bond.

It is also contended that he is chargeable with these rents and profits, as executor, by force of the Rev. Sts. *c.* 67, § 6. But we think this section does not warrant the conclusion sought for. It is a reënactment of the provision in *St.* 1789, *c.* 11, § 1, with no material alteration; and that provision has never been held to make executors or administrators liable for rents and profits which came into their hands in consequence of their use and occupation of the real estate. It was rather designed to facilitate the settlement between the executors and the devisees, or the administrators and the heirs, where they had received rents and profits, so as to prevent disputes among them; and also in cases where the personal estate not proving sufficient to pay the debts, and the heirs being unwilling to have the real estate sold, might wish the executor or administrator to collect and apply the rents and profits for that purpose. See *Stearns* v. *Stearns*, 1 Pick. 157.

In point of fact, it often happens that executors, from their relation to the testator, come into the possession of the real estate; but in such cases, they are responsible to the heirs or devisees for the rents and issues, and not to the creditors. In the case of *Hays* v. *Jackson*, before cited, the court say, "in our opinion, the rule established in equity, in cases where all the debts are due by specialty, is applicable in this case, except as it relates to the rents and profits of the descended estate, received after the testator's death, which we cannot come at." See also *Drinkwater* v. *Drinkwater*, 4 Mass. 358. In the case of *Gibson* v. *Farley*, 16 Mass. 280, the court directly decided the point, that the heirs of a deceased insolvent debtor are entitled to the rents and profits of his real estate, until it is sold for the payment of debts. The case was argued at length, by

able counsel, and was thoroughly considered by the court, and has constituted a leading case from that time.   And it stands upon reason and authority, that the claim of the creditor is but a lien ; and the rents and profits have ever been held as incident to the reversion.   The same view is also there taken of § 1 of *St.* 1789, *c.* 11, which, we think, is the sound construction.   In the State of Maine, also, where this section was reenacted in *totidem verbis,* the court have construed it in the same manner, and maintain the doctrine established in *Gibson* v. *Farley.*   See 1 Smith's Laws of Maine, 231, 267, *&* notes.

It has been argued by the counsel for the plaintiff, that the authority of *Gibson* v. *Farley* has been shaken by the subsequent cases of *Grout* v. *Hapgood,* 13 Pick. 159, and *Jennison* v. *Hapgood,* 14 Pick. 345.   But those cases decide no more than this, that the executor or administrator is chargeable with the interest arising from the proceeds of real estate which has been sold for the payment of debts, and that such interest is assets for that purpose ; of the correctness of which there can be no doubt.   But this does not affect the decision in *Gibson* v. *Farley.*   See also *Heald* v. *Heald,* 5 Greenl. 387. *Fuller* v. *Young,* 1 Fairf. 365.   *Spring* v. *Parkman,* 3 Fairf. 127.   Nor do we mean here to touch the case of a party entering upon lands immediately after the decease of the owner, and cutting and carrying off wood, and thus lessening the value of the estate, before an order of sale for the payment of debts can be obtained.

It was also said, in argument, that the case of *Gibson* v. *Farley* related to an intestate estate, and that there is a distinction between heirs and devisees.   But we think no distinction, as applicable to this case, exists ; for the devisee is *hæres factus,* and may enter, upon the death of the testator, before probate of the will.

The defendant Stebbins stood in three relations to the estate ; that of one of the heirs at law, a devisee, and executor of the testator.   And in respect to these different relations, when the heir at law is also made the devisee of the estate, and he enters, he will be presumed to have entered as heir,

46 *

it being the higher estate and most for his advantage; and so a devisee, who is not an heir, or not sole heir, when he enters, (and his right of entry is immediate, Co. Lit. 111 *a*,) shall be presumed to have entered as devisee, as being for his advantage, and not for the mere benefit of creditors; and as an executor or administrator has no right of entry, the statute gives none, except after license to sell for the payment of debts. Rev. Sts. *c.* 71, § 11. In this case, Stebbins was in as devisee, taking the rents and profits as such; and till a sale, he is not called upon to account for them; they not being a part of the estate of the deceased.

It was argued, however, that he is accountable for that part of the rents received from lessees, because he received payment therefor in notes payable to himself as executor, and it ought, therefore, to be held that he entered and received the rents and profits as executor, and has thus made himself accountable to the creditors. But the mere taking notes as executor does not bind either heirs or creditors; and he cannot then be estopped from showing in what capacity he held the estate, as estoppels are mutual, and a mere mistake of his rights shall not bind him; he not having brought the rents and the notes into his account and made them the subjects of a decree of the court of probate. It is still matter *in pais,* and he may show a mistake on his part in thus taking the notes; as the heirs or creditors could correct mistakes and surcharge his account where he had omitted to make proper charges against himself. The Rev Sts. *c.* 70, § 10, clause 4, which has been cited, applies to assets in the hands of an executor or administrator, but it does not touch the question what are assets.

We are therefore of opinion, that the rents and profits were not assets in the defendant Stebbins's hands as executor, and that he is not bound to render them in his probate account. Judgment is to be rendered for the penalty of the bond, and execution to issue for the balance of the account, ess the rents and profits, as stated in the auditor's report.