# DANTE *v.* HUTCHINS.

EQUITY; DECEDENT'S ESTATES; TRUSTS AND TRUSTEES.

Where the real estate of a decedent is in the possession of a trustee under
the supervision of the equity court, and is being held during the
pendency of a contest involving the question of whether the decedent
died testate or intestate, the equity court has power to and should
authorize the trustee to curtail, with funds in his hands, a deed of
trust encumbrance on a parcel of the real estate, where he has been
unable to obtain an extension of the indebtedness without curtail,
and where the estate is solvent, notwithstanding an objection by
the widow of the decedent, based upon the ground that the funds in
the hands of the trustee are not subject to claims of the creditors
of the estate, but belong to her and the heirs at law, as the rights
of all persons interested in the estate can be adjusted on a final
settlement of the estate, pending which it is the duty of the court
to conserve and preserve the estate.     (Citing *Hutchins* v. *Dante*,
40 App. D. C. 262.)

No. 2856.    Submitted October 6, 1915.    Decided November 1, 1915.

HEARING on an appeal by a trustee, specially allowed, from
an order of the Supreme Court of the District of Columbia,
denying his petition that he be permitted to curtail a promis-
sory note secured by a deed of trust upon part of the trust
property.                                                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a special appeal from a decree in the supreme court
of the District denying the petition of the appellant, William
J. Dante, that he be authorized to curtail a deed of trust note.

In his petition appellant sets forth that on March 7, 1910,
Stilson Hutchins (since deceased) and his wife, Rose Keeling
Hutchins, transferred all the property of Hutchins to the
appellant in trust, with power to do every act and thing neces-

sary for its care, maintenance, and supervision. Included in the property held by the appellant as trustee is the Mt. Vernon Apartment House, located in this city, upon which there formerly was a deed of trust in the sum of $95,000. This indebtedness thereafter was reduced to $85,000 by authority granted by the court below. A part of this indebtedness is represented by a note for $5,000, which became due on April 1st, last. Appellant, according to his petition, attempted without success to secure an extension of this note. He states that, in his judgment, it is for the best interests of the estate that authority be granted him to pay the same, and that he be given credit in his accounts for such payment. Mrs. Hutchins filed objections to the granting of this authority, upon the ground that the fund in the hands of the trustee "is not subject to the claims of the creditors of the estate of Stilson Hutchins, either secured or unsecured, but is a fund that must remain in the hands of the trustee and be invested by him to the benefit of those entitled thereto; namely, this respondent and the heirs at law of the deceased." The trial court, being of opinion that the objection was well taken, denied the petition.

*Mr. Edwin C. Brandenburg, Mr. Clarence A. Brandenburg,* and *Mr. F. Walter Brandenburg* for the appellant.

*Mr. John C. Gittings* and *Mr. Justin M. Chamberlin,* for the appellees:

1. The appellant has no authority to use a fund which came into his possession subsequent to death of Stilson Hutchins, from the *net* proceeds of the rents from all the real estate remaining after the payment of all taxes, insurance, repairs, and other incidental expenses necessary to its upkeep, without the consent of all the parties interested in the fund. *Gibson* v. *Farley,* 16 Mass. 280; 14 Cyc. 110, note 91, 113, note 5; *Kurtz* v. *Hollingshead,* 4 Cranch, C. C. 181; *Richie* v. *Bank of United States,* 5 Cranch, 607; *Trust Co.* v. *Ice Co.* 14 App. D. C. 325; D. C. Code, § 96.

Mr. Justice ROBB delivered the opinion of the Court:

In *Hutchins* v. *Dante,* 40 App. D. C. 262, the court, speaking through Mr. Chief Justice Shepard, said: "Undoubtedly, the active duties   *   *   *   terminated with the death of Stilson Hutchins; but the estate remains in his hands until the probate of the will and the issuance of letters to the executors named therein, to whom the estate was required to be delivered. If no will shall be probated, but intestacy established, then delivery of the real estate is to be made to the heirs at law, and of the personal estate to the personal representatives, of the decedent.   Delivery of the personal estate has been made to the collector appointed by the probate court pending the proceedings to probate the will, to which a caveat has been filed. The real estate remains in the possession of the trustee under the supervision of the equity court.   The encumbrances upon the real estate, which required renewal from time to time, the payment of interest thereon, the collection of rents, the repair of houses, and the payment of taxes, render it necessary to the conservation of the estate that the equity court shall retain its supervision of the same.   Its jurisdiction, we think, is ample for the purpose."

The situation has not changed since the above decision.   The sole question, therefore, is whether the equity court, under whose supervision the trustee holds this real estate, has power to authorize him to make the payment requested out of funds in his hands, derived from rents.   We think it has.   If the court has power, as above indicated, to authorize the renewal of encumbrances, the payment of interest thereon, the payment of taxes, and disbursements for repairs to conserve the estate, surely it may be equally necessary to authorize a curtailment of such encumbrances where renewals of the same may not be made otherwise.   The one is as necessary to the preservation of the trust estate as the other.   To rule otherwise would be to sacrifice substance to form.   The power of the court to authorize the renewal of the encumbrance necessarily carries with it

power to meet any situation naturally arising from it, to the end that the estate may not be jeopardized or lost.

*Gibson* v. *Farley,* 16 Mass. 280, relied upon by the appellee, is not in point. That was an insolvent estate in process of liquidation. The question there, to quote from the opinion, was "whether the rents of the estate of one who has deceased insolvent belong to the executors or administrators for the benefit of the creditors, or to the heirs at law of the deceased." We here are dealing with a solvent estate, the realty being in possession of the trustee under the supervision of the equity court. It is the duty of that court, and we think its powers are ample, to preserve this realty while under its supervision, and we think it may grant the prayers of this petition without in any way prejudicing the rights of any of the parties. When the time comes for the final settlement of the whole estate, those rights may be adjusted.

The decree must be reversed, with costs, and the cause remanded for further proceedings.    *Reversed and remanded.*